IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                  RESPONDENT

v.                                           No. 6:07-CR-60006

SHAWN SARVER                                                                                        MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Clarification filed herein by SHAWN SARVER, (hereinafter referred to as "Sarver") an inmate confined in the United States Penitentiary in White Deer, Pennsylvania. ECF No. 42. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Court, after reviewing the Motion for Clarification of Sentence, determined same to be a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 and ordered a response. ECF No. 43. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 45.

**A. Procedural Background**:

Sarver was indicted on March 8, 2007, in the Western District of Arkansas, and charged with bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 7. On April 3, 2007, he pled guilty to bank robbery as charged in the Indictment. ECF No. 28. On August 7, 2007, he appeared for sentencing and was sentenced to 96 months imprisonment, three (3) years supervised release, $1,444.00 in restitution, and a $100.00 special assessment. ECF No. 35. Violation of 18 U.S.C. § 2113(a) carries a maximum possible sentence of twenty (20) years imprisonment and a term of supervised release not to exceed three (3) years. Sarver appealed his sentence (ECF No. 36)

asserting the District Court improperly applied a 2-level increase, for making a threat of death during the commission of the robbery, to the sentencing guideline calculation. ECF No. 41-1 (Opinion of the Eighth Circuit Court of Appeals). The conviction was affirmed on June 6, 2008. ECF No. 41. Sarver did not seek review by the United States Supreme Court.

**B. Instant Motion**:

On April 4, 2011, Sarver filed the instant Motion seeking to correct an alleged illegal sentence. ECF No. 42. In this Motion, Sarver asserts the District Court sentence in this case is illegal in that he was sentenced to the "maximum sentence provided by statute and sentencing guidelines, ninety-six (96) months, and indicated that there should be a term of three years supervised release." ECF No. 42. Sarver claims the three years supervised release, to be served after he is released from incarceration, increases his sentence to a term greater than the maximum allowed by law. In his supplement to the Motion, (ECF No. 46) he explains that because the 96 month sentence was the maximum under the guidelines, the three year term of supervised release should be considered part of the ninety-six months imprisonment. This would make Sarver's term of imprisonment sixty months followed by three years supervised release according to his calculation.

The Government points out the statutory maximum sentence of twenty years for a conviction for bank robbery under 18 U.S.C. § 2113(a). The Government also cites 18 U.S.C. § 3583, which provides for the imposition of supervised release following a term of imprisonment. The Government asserts Sarver's motion is without merit.

**C. Discussion**:

As a preliminary matter, the instant Motion seeks to "clarify" Sarver's sentence. The Motion by its allegations states the sentence imposed was illegal and seeks to correct the alleged illegal

sentence. Post-conviction motions to correct, set-aside, or vacate a criminal sentence are governed by 28 U.S.C. § 2255. Accordingly, the Court will treat the instant Motion as a motion to correct an illegal sentence pursuant to § 2255.

**1. Sentence Not Illegal**: As stated above, the Government asserts the maximum penalty for a conviction for violation of 18 U.S.C. § 2113(a) is twenty years imprisonment. In this case, Sarver was sentenced to eight years imprisonment. Section 3583 provides specifically for the imposition of a term of supervised release "after imprisonment." Sarver's allegation here is the sentence imposed in his case was in excess of the statutory maximum. This allegation is clearly incorrect as his term of imprisonment was less than the statutory maximum and the statute specifically allows for imposition of a term of supervised release following release from incarceration. The role of a § 2255 motion is clear:

> Section § 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)). Here, Sarver has failed show any of the foregoing, and his Motion is without merit.

**2. Procedural Bar**: Though not raised as a defense by the Government in its response, Sarver is procedurally barred from seeking the relief requested in the instant Motion. A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406

F.3d 505, 511 (8th Cir. 2005). Further, if an issue was known, or should have been known, to the movant and could have been raised in the direct appeal of the underlying criminal case, then that issue is not properly subject to a motion to vacate. *See Peltier v. Henman*, 997 F.2d 461, 473 (8th Cir. 1993).

In this case, Sarver knew or should have known of the existence of the facts upon which his current claim is based at the time of his direct appeal. He was present for his sentencing, and he was aware of the sentence. In fact, he challenged a portion of the guideline calculation on appeal. His failure to raise the instant issue there constituted at least the "failing to raise a claim through inexcusable neglect," which constitutes an abuse of the proceeding. *Peltier*, 997 F.2d at 473, *citing McCleskey* v. Zant, 499 U.S. 467, 489, 111 S.Ct. 1454, 1468 (1991). Thus, Sarver is procedurally barred from raising this issue.

  **3. Motion is Untimely**: Further, the motion should be denied as time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255(f). In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

In the present case, the judgment was entered on August 8, 2007. Sarver timely filed a notice of appeal on August 13, 2008. The Court of Appeals denied his appeal and affirmed the conviction on June 6, 2008. Sarver did not seek to appeal the conviction further. The present Motion was filed on April 4, 2011, nearly three years after the Court of Appeals affirmed his conviction. The Movant has not shown that the deadline should be tolled for any reason. Thus, the Motion should be

dismissed as time-barred.

D. **Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion for Clarification (ECF No. 42) be denied and dismissed.[1]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **21st day of June, 2011.**

                                                       /s/ Barry A. Bryant
                                                     HON. BARRY A. BRYANT
                                                     U.S. MAGISTRATE JUDGE

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).