IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.                                        No. 6:07-CR-60006

SHAWN SARVER                                                              MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate Sentence and Order Release filed herein by

SHAWN SARVER, (hereinafter referred to as "Sarver")  an inmate confined in the United States

Penitentiary in White Deer, Pennsylvania.  ECF No. 47.  The Motion was referred for findings of

fact, conclusions of law and recommendations for the disposition of the case.   The United States of

America (hereinafter referred to as the "Government") has responded to the Motion.  ECF No. 50.

A.  **Procedural Background[1]**:

Sarver was indicted on March 8, 2007, in the Western District of Arkansas, and charged with

bank robbery in violation of 18 U.S.C. § 2113(a).  ECF No. 7.   On April 3, 2007, he pled guilty to

bank robbery as charged in the Indictment.   ECF No. 28.   On August 7, 2007, he appeared for

sentencing and was sentenced to 96 months imprisonment, three (3) years supervised release,

$1,444.00 in restitution, and a $100.00 special assessment.  ECF No. 35.   Violation of 18 U.S.C.

§ 2113(a) carries a maximum possible sentence of twenty (20) years imprisonment and a term of

supervised release not to exceed three (3) years.   Sarver appealed his sentence (ECF No. 36)

---

[1]Sarver previously filed a "Motion for Clarification of Sentence," ECF No. 42, which the undersigned
construed as a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255.  This previous motion is subject to a
pending Report and Recommendation, ECF No. 48, which recommends denial as an untimely motion.

asserting the District Court improperly applied a 2-level increase, for making a threat of death during the commission of the robbery, to the sentencing guideline calculation.  ECF No. 41-1 (Opinion of the Eighth Circuit Court of Appeals).   The conviction was affirmed on June 6, 2008.  ECF No. 41. Sarver did not seek review by the United States Supreme Court.

**B.  <u>Instant Motion</u>:**

On June 20, 2011, Sarver filed the instant Motion.  With this Motion he alleges one ground for relief, namely, the United States Sentencing Guidelines ("USSG") have been declared unconstitutional by the United States Supreme Court and any sentence, including his, imposed though the use of those guidelines is null and void.

The Government asserts Sarver's motion is without merit.  First, the Government asserts Sarver's Motion is both untimely and procedurally barred.  Next, the Government asserts the Motion is a successive Motion filed without the permission of the United States Court of Appeals for the Eighth Circuit.[2]   Finally, the Government asserts the Motion is unsupported by law and without merit on its face.

**C.  <u>Discussion</u>:**

**1.  Motion is Untimely**: The instant Motion should be denied as time-barred.  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255(f).  In general, a movant for collateral relief has one year from

---

[2]The Court will not address the issue of whether not this motion is a successive petition under section 2255.  At the time of the filing of the instant Motion, Sarver's Motion for Clarification had not yet been determined to be a section 2255 motion.  Further, the District Court has not yet adopted that determination.  Accordingly, the Court will not address this issue at this time.

"the date on which the judgment became final" to file a motion challenging his conviction.  *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

In the present case, the judgment and sentence in the underlying criminal case was entered on August 8, 2007.  ECF No. 35.  Sarver timely filed a notice of appeal on August 13, 2008.  ECF No. 37.  The Court of Appeals denied his appeal and affirmed the conviction on June 6, 2008.  ECF No. 41.   Sarver did not seek to appeal the conviction further.  The present Motion was filed on June 20, 2011, nearly three years after the Court of Appeals affirmed his conviction.  ECF No. 47.  The ruling relied on by Sarver, *United States v. Booker*, 543 U.S. 220 (2005), occurred prior to his conviction.[3]  Sarver has not alleged that the deadline should be tolled for any reason, nor has a review of Sarver's Motion revealed any basis for such tolling.  Thus, the Motion should be dismissed as time-barred.

**2. Procedural Bar**:  The Government also asserts Sarver is procedurally barred from raising the issue of the constitutionality of the use of the USSG in his sentencing.  A § 2255 motion is fundamentally different from a direct appeal.  If an issue was known, or should have been known, to the movant and could have been raised in the direct appeal of the underlying criminal case, then that issue is not properly subject to a motion to vacate.  *See Peltier v. Henman*, 997 F.2d 461, 473 (8th Cir. 1993).

In this case, Sarver knew or should have known of the existence of the facts upon which his current claim is based at the time of his direct appeal, namely the application of the USSG to his case.  In fact, he challenged a portion of the sentencing guideline calculation as it applied to his

---

[3]Sarver does not cite *Booker*.  However it is apparent from the claim made he refers to *Booker* in support of his petition.

sentence on the direct appeal.

Sarver has procedurally defaulted this claim and can pursue this claim only if he "can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir.1997) (citation omitted).  He has not even alleged any "cause" for his failure to pursue the issue on his direct appeal.   Thus, Sarver is procedurally barred from raising this issue.

**3.  United States Sentencing Guidelines are Constitutional as Applied**: Sarver, in the instant Motion, asserts the USSG have been held unconstitutional by the Supreme Court in 2005. In 2005, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005).  *Booker* made mandatory application of the USSG unconstitutional.  However, use of the USSG by sentencing courts in an advisory fashion was expressly permitted by *Booker* and subsequent cases.  The United States Court of Appeals for the Eighth Circuit, has directly addressed this issue.  A sentencing court should calculate the appropriate advisory sentencing range under the USSG, based on the facts found by the district court, and then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to make a discretionary determination of whether to impose a guidelines sentence or a non-guidelines sentence.  *See United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir.2005), *cert. denied*, 546 U.S. 913 (2005).

In this case the sentencing judge did exactly what is required pursuant to *Booker* and *Haack*. At the sentencing hearing in this case the district judge stated:

> Mr. Sarver, the Federal Sentencing Guidelines were declared to be unconstitutional by the U.S. Supreme Court two years ago, but those same opinions that ruled the Guidelines unconstitutional stated that, nonetheless, district courts would continue to refer to them and be advised by them in arriving at reasonable sentences for Defendants. They also stated I should - - not just me, but all district courts should

-4-

also refer to 3553(a), factors to be considered in arriving at a reasonable sentence. . . . Again, Mr. Sarver, those Guidelines are only advisory and I can sentence you, sir, to anywhere within the previously-stated statutory ranges after I've considered those factors reflected in 3553(a). And I assure you I've done that.

(Sentencing Tr. at 20-21). It is clear the district judge in this case followed the dictates of *Booker* and *Haack*. Sarver's claim is without merit.

**D.  Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion to Vacate and Order Release (ECF No. 47) be denied and dismissed.[4]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **13th day of January, 2012.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).