IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                 RESPONDENT

v.                        No. 6:07-CR-60006

SHAWN SARVER                                         MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petition for Writ of *Habeas Corpus* filed herein by SHAWN SARVER, (hereinafter referred to as "Sarver") an inmate confined in the United States Penitentiary in White Deer, Pennsylvania. ECF No. 52. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 54. The Petition attacks the sentence imposed in this case and asks the Court to correct the term of imprisonment assessed. As such, the Petition is clearly a motion to vacate, set aside or correct sentence and should be construed in accordance with 28 U.S.C. § 2255.

**A. Procedural Background**[1]:

Sarver was indicted on March 8, 2007, in the Western District of Arkansas, and charged with bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 7. On April 3, 2007, he pled guilty to bank robbery as charged in the Indictment. ECF No. 28. On August 7, 2007, he appeared for sentencing and was sentenced to 96 months imprisonment, three (3) years supervised release,

---

[1] Sarver previously filed a "Motion for Clarification of Sentence," ECF No. 42, which the undersigned construed as a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. This previous motion is subject to a pending Report and Recommendation, ECF No. 48, which recommends denial as an untimely motion.

$1,444.00 in restitution, and a $100.00 special assessment. ECF No. 35. Violation of 18 U.S.C. § 2113(a) carries a maximum possible sentence of twenty (20) years imprisonment and a term of supervised release not to exceed three (3) years. Sarver appealed his sentence (ECF No. 36) asserting the District Court improperly applied a 2-level increase, for making a threat of death during the commission of the robbery, to the sentencing guideline calculation. ECF No. 41-1 (Opinion of the Eighth Circuit Court of Appeals). The conviction was affirmed on June 6, 2008. ECF No. 41. Sarver did not seek review by the United States Supreme Court. Sarver has filed several post conviction motions.

    **1. Motion to Correct Sentence**: On April 4, 2011, Sarver filed his Motion for Clarification of Supervised Release. (ECF No. 42). Sarver asserted the District Court's sentence was illegal in that he was sentenced to the "maximum sentence provided by statute and sentencing guidelines, ninety-six (96) months, and indicated that there should be a term of three years supervised release." He claimed the three years supervised release, to be served after he is released from incarceration, increases his sentence to a term greater than the maximum allowed by law. The Government responded pointing out the statutory maximum sentence of twenty years for a conviction for bank robbery under 18 U.S.C. § 2113(a). The Government also cited 18 U.S.C. § 3583, which provides for the imposition of supervised release following a term of imprisonment. This Court entered its Report and Recommendation on June 21, 2011, recommending the Motion be denied as merit less, procedurally barred, and untimely. Sarver did not object to this recommendation and the Report and Recommendation remains pending.

    **2. Motion to Vacate Sentence and Order Release**: On June 20, 2011, Sarver filed his Motion to Vacate Sentence and Order the Release for Government's Failure to Establish Subject

Matter Jurisdiction from which to Impose Sentence. ECF No. 47. With this Motion he alleged one ground for relief, namely, the United States Sentencing Guidelines ("USSG") had been declared unconstitutional by the United States Supreme Court and any sentence, including his, imposed though the use of those guidelines is null and void. On January 13, 2012, this Court entered its Report and Recommendation finding the Motion untimely and procedurally barred. ECF No. 51. Further, the Court found the USSG specifically had not been declared unconstitutional. The Court accordingly recommended denial of the Motion to Vacate. Sarver did not object to this recommendation and the Report and Recommendation remains pending.

**B. <u>Instant Petition</u>**:

On January 24, 2012, Sarver filed the instant Petition (hereinafter "Motion"). ECF No. 52. With this Motion he alleges one ground for relief, namely, the three (3) years supervised release imposed as part of his original sentence should be subtracted from the 96 month sentence of imprisonment, leaving him with a 60 month sentence of imprisonment.

The Government asserts Sarver's motion is without merit. First, the Government asserts Sarver's Motion is untimely. Next, the Government asserts the Motion is a successive Motion filed without the permission of the United States Court of Appeals for the Eighth Circuit. Finally, the Government asserts the Motion is unsupported by law and without merit on its face.

**C. <u>Discussion</u>**:

**1. Motion is Untimely**: The instant Motion should be denied as time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255(f). In general, a movant for collateral relief has one year from

"the date on which the judgment became final" to file a motion challenging his conviction. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

In the present case, the judgment and sentence in the underlying criminal case was entered on August 8, 2007. ECF No. 35. Sarver timely filed a notice of appeal on August 13, 2008. ECF No. 37. The Court of Appeals denied his appeal and affirmed the conviction on June 6, 2008. ECF No. 41. Sarver did not seek to appeal the conviction further. The present Motion was filed on January 24, 2012, more than four years after the Court of Appeals affirmed his conviction. ECF No. 52. Sarver has not alleged that the deadline should be tolled for any reason, nor has a review of Sarver's Motion revealed any basis for such tolling. Thus, the Motion should be dismissed as time-barred.

**2. Successive Petition**: In this case, Sarver has filed two post-conviction motions attacking his sentence following his conviction being affirmed by the United States Court of Appeals for the Eighth Circuit. The first, while not labeled a Motion to Vacate was clearly an attack on the sentence imposed. ECF No. 42 (Motion for Clarification). The second motion was in fact labeled "Motion to Vacate..." and sought to have the sentence found unconstitutionally imposed. ECF No. 47 (Motion to Vacate). In both instances he attacks the sentence imposed. While the undersigned has recommended denial of both motions, the District Court has not ruled on these first two motions. The Government claims the instant Motion is a successive petition, filed without permission of the Court of Appeals. Because the District Court has not yet ruled on the first two motions, this Court will not rule on the issue of a second or successive petition pursuant to 28 U.S.C. § 2255.

**3. The Sentence Imposed was Proper**: Sarver, in the instant Motion, asserts he was sentenced to 96 months imprisonment and three (3) years supervised release. He claims the term of

supervised release should be subtracted from the 96 month term of imprisonment leaving him with a 60 month term of imprisonment. Sarver's claim is without merit.

Specifically, section 3583(a) empowers the sentencing court to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release *after* imprisonment." 18 U.S.C. § 2583(a)(emphasis added). The United States Court of Appeals for the Eighth Circuit has directly addressed the issue raised by Sarver: "Authorizing the imposition of supervised release 'as part of the sentence,' as opposed to 'as a part of the incarceration,' implies that a term of supervised release is 'to be imposed in addition to any incarceration authorized by a particular substantive criminal statute.'" *U.S. v. Watkins*, 14 F.3d 414, 415 (8th Cir. 1994)(citations omitted). "Such a result furthers Congress' intent, in abolishing the federal parole system, to make the period of allowable supervision that a judge could impose, independent of the amount of time the defendant has spent in jail." *U.S. v. Englehorn*, 122 F.3d 508, 511 (8th Cir. 1997). Finally, 18 U.S.C. § 3624(a) explains in part: "The term of supervised release commences on the day the person is released from imprisonment. . . A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, state, or local crime. . ." Any term of supervised release is clearly intended to be served following a term of imprisonment.

In this case Sarver was convicted of a Class C felony and thus subject to a term of supervised release of up to three (3) years. *See* 18 U.S.C. § 3559(a)(3). The District Court imposed a term of three (3) years. The sentence was therefore proper.

**D. Recommendation**:

Accordingly, based on the foregoing, it is recommended the Petition for Writ of Habeas

Corpus (ECF No. 52) be deemed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and that same be denied and dismissed.[2] Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

   **DATED** this **19th** day of March, 2012.


                              /s/ Barry A. Bryant
                              HON. BARRY A. BRYANT
                              U.S. MAGISTRATE JUDGE

---

   [2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).